O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM C. COHEN, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF CULVER CITY; EXCHANGE CLUB OF CULVER CITY, a California Corporation; CULVER CITY DOWNTOWN BUSINESS ASSOCIATION, a California Corporation; DRIVELINES, INC., a California Corporation; and THE CULVER HOTEL, a California Corporation,<br><br>            Defendants. | CV 12-00156 RSWL (AJWx)<br><br>**ORDER Re: Plaintiff's Motion to Exclude Evidence of Plaintiff's Due Care to Refute Defendants' Liability and to Bifurcate Case to Separate Issues of Liability and Damages [53]** |

On June 12, 2012, Plaintiff William C. Cohen's ("Plaintiff") Motion to Exclude Evidence of Plaintiff's Due Care to Refute Defendants' Liability and to Bifurcate Case to Separate Issues of Liability and Damages came on for regular calendar before the Court [53]. The Court having reviewed all papers submitted pertaining to this Motion and having considered all

1

arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **GRANTS** Plaintiff's Motion in part as to Plaintiff's request to exclude evidence of Plaintiff's due care to refute Defendants City of Culver City, Exchange Club of Culver City, and Drivelines, Inc.'s ("Defendants") liability.  The Court **DENIES** Plaintiff's Motion in part as to Plaintiff's request to bifurcate this case.

## I. BACKGROUND

On May 7, 2011, Plaintiff was present in Culver City "to attend his grandson's wedding."  Plaintiff relies on the use of a cane for mobility and alleges that he is a qualified individual with a disability under the provisions of both California and federal disability access laws.

On the same date, Culver City held its annual "Back to the 50's Car Show" ("Car Show"), which was held on public streets in Culver City.  Plaintiff alleges that during the Car Show, Defendant Drivelines, a participating vendor, arranged its booth such that it straddled the pedestrian crosswalk, curb ramp, and sidewalk leading from the Car Show to the Culver City Hotel, where Plaintiff's grandson's wedding was being held.  As a result of this, while Plaintiff was returning from the Car Show to the Culver City Hotel, Plaintiff allegedly saw no accessible route to the front door, tried to step over the curb, slipped, and

fell onto the concrete sidewalk.  Plaintiff alleges that he sustained injuries as a result of the fall and suffered emotional distress in being covered with bandages for all the photos taken at his grandson's wedding.

In his Complaint, Plaintiff asserts the five following claims against all Defendants: (1) Denial of Access by local government in violation of the Americans with Disabilities Act ("ADA"), (2) Denial of Access by a Public Accommodation in violation of the ADA, (3) Denial of Equal Access in Violation of California Civil Code ("Disabled Persons Act"), (4) Denial of Access Full and Equal Accommodations ("Unruh Civil Rights Act"), and (5) for dangerous condition of public property pursuant to California Government Code §§ 830, 835.

On March 12, 2012, Plaintiff dismissed Defendant Culver City Downtown Business Association and Culver Hotel from this Action [25, 26].  Thus, only Defendants City of Culver City, Exchange Club of Culver City, and Drivelines, Inc. remain in this Action as defendants. Only Defendants City of Culver City and Exchange Club of Culver City filed an Opposition to the present Motion [56].

## II. ANALYSIS

**A.   Excluding Evidence of Plaintiff's Due Care**

The Court finds that Plaintiff is correct that evidence regarding whether Plaintiff exercised due care

3

is not relevant for a determination of Defendants' liability for any of Plaintiff's five claims.

Plaintiff's first four claims are claims that arise under the ADA, the California Disabled Persons Act, and the Unruh Civil Rights Act. Proof of a defendant's liability under the statutory language of the ADA and these two California statutes does not require any showing that a plaintiff was compliant with a reasonable standard of care. More specifically, the ADA provides strict liability to an institution that does not provide access to public accommodations. See 42 U.S.C. 12131. The California Disabled Persons Act is California's analogue to the ADA and also provides strict liability for denial of access. Cal. Civ. Code §§ 54, 54.1. The Unruh Civil Rights Act provides liability with regard to access discrimination by business establishments such as Defendant Drivelines. None of these statutes provide an affirmative defense for Plaintiff's negligence. As such, evidence of Plaintiff's negligence is not relevant for an evaluation of Defendants' liability for Plaintiff's two ADA claims, his California Disabled Persons Act claim, and his Unruh Civil Rights Act claim.

As to Plaintiff's fifth claim for violation of California Government Code § 830, otherwise known as the California Government Tort Claims Act, the Court finds that negligence is not relevant for this claim as well. California Government Code states in pertinent

part that a dangerous condition is one that "creates a substantial risk of injury when property or adjacent property is *used with due care* in a manner in which it is reasonably foreseeable that it was to be used." Cal. Gov. Code § 830(a) (emphasis added). Accordingly, a government entity will be liable if a condition on the property is such that individuals will be injured while using due care; however, the statute does not require individual plaintiffs to prove that they personally were using due care in order to recover under the statute.

The Court finds that the case that Plaintiff cites in its Motion is on point. Lane v. City of Sacramento, 183 Cal. App. 4th 1337, 1341 (Ct. App. 2010). In Lane, the California Court of Appeals held that a finding that Plaintiff did not use due care would still "not justify judgment in the city's favor." Lane, 183 Cal. App. 4th at 1347. The California Court of Appeals explained that "[w]hen a plaintiff seeks to recover for injury caused by a dangerous condition of public property, the [California Government] Tort Claims Act does not require [the] plaintiff to prove that the property was actually being used with due care at the time of the injury, either by himself or by a third party." Id. (internal citation omitted).

Accordingly, the Court finds that any evidence of Plaintiff's own negligence is not relevant to any of Plaintiff's five claims. Thus, pursuant to Federal

5

1  Rule of Evidence 403, the Court **GRANTS** Plaintiff's
2  Motion in part and hereby excludes evidence of
3  Plaintiff's due care as it pertains to refuting
4  Defendants' liability for any of Plaintiff's claims.

**B.    Bifurcation**

The Court has discretion to bifurcate a case to promote judicial economy or to prevent undue prejudice to the moving party. Fed. R. Civ. Pro. 42(b). Here, the Court finds that judicial economy weighs against bifurcation of this case. Furthermore, the Court finds that Plaintiff has failed to demonstrate that he would suffer any undue prejudice that could not be cured by a jury instruction.

Accordingly, the Court **DENIES** Plaintiff's Motion in part as to Plaintiff's request for bifurcation.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion **in Part** as to Plaintiff's request to exclude evidence of Plaintiff's due care to refute Defendants' liability. The Court, however, **DENIES** Plaintiff's Motion **in Part** as to Plaintiff's request to bifurcate this case.

**IT IS SO ORDERED.**

DATED: June 25, 2012

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge